UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRANDON TRAVIS NORMAND | CIVIL ACTION |
| VERSUS | NO. 22-1470 |
| DONALD D. LANDRY, DISTRICT ATTORNEY, ET AL. | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Brandon Travis Normand filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Lafayette Parish District Attorney Donald D. Landry and 15th Judicial District Judge Royale L. Colbert violated his constitutional right to a speedy trial through violations of state criminal procedural laws. ECF No. 1, ¶2-6, at 6; *id.* at ¶1-2, 7 (Deficient Complaint). Normand did not pay the filing fee or file a motion to proceed *in forma pauperis* with the complaint.

On May 26, 2022, the clerk of this court sent Normand a notice of this deficiency which required him to either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF No. 2. The clerk mailed the deficiency notice to Normand at his prison address of record in the Lafayette Parish Correctional Center in Lafayette, Louisiana. On June 24, 2022, the envelope was returned marked "Return to Sender" and "Unable to Accept" with a notation, "Not Here." ECF No. 3, at 2. Normand has not contacted the clerk of court about his case or provided a current address.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any

order of the court.[1]   In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2]    Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).  A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3]   A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change.  *See* EDLA Local Rules 11.1 and 41.3.1.  "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]   The clerk of court was unsuccessful in the attempt provide the notice of deficiency to Normand because he has not filed a Notice of Change of Address or otherwise contacted the court or clerk of court about his case.  Likewise, Normand has not provided the fee or pauper application necessary to prosecute his case.  Normand's failure to comply with the court's rules has created delay in the court's ability to efficiently manage the case.  This delay is caused by and attributable to Normand himself, justifying dismissal of his complaint for failure to prosecute.[6]

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

Even if Normand were to pay the fee or be granted pauper status, this court is not the proper venue for him to have brought this § 1983 complaint. Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[7] The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court under certain conditions to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[8] The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[9] Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[10] A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[11]

In this case, Normand indicated that he was arrested and detained in Lafayette Parish, Louisiana. ECF No. 1, ¶II, at 2; *id*. at ¶1-2, at 5-6. In addition, the defendants identified are

---

[7] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).
[8] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[9] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).
[10] *Id*. at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).
[11] *Id*. at 678.

officers of the court involved in his criminal prosecution in Lafayette Parish. *Id*. at 1, 3. Thus, the defendants and the events about which he complains were or are in Lafayette Parish. Lafayette Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

While transfer may be considered, the interests of justice and fairness to the parties does *not* dictate transfer of this case in this case for the following reasons. First, Normand failed to file a pauper application or pay the required filing fee necessary to initiate his civil action as previously discussed. Second, Normand appears to seek relief from his detention via this § 1983 civil rights action,[12] but release from custody is not an available remedy under § 1983.[13] Finally, the defendants he seeks to name, District Attorney Landry and Judge Colbert, are each absolutely immune from suit.

For District Attorney Landry, the law is settled that "[a] prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions 'initiating a prosecution and . . . presenting the State's case' and those 'intimately associated with the judicial phase of the criminal process.'"[14] "A prosecutor's absolute immunity will not be stripped because of action that was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[15] The prosecutorial immunity also applies during "actions apart from the courtroom."[16] Finally, any

---

[12] *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).
[13] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *report and recommendation adopted by* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *report and recommendation adopted by* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).
[14] *Esteves v. Brock*, 106 F. 3d 674, 677 (5th Cir. 1997) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009).
[15] *Kerr v. Lyford*, 171 F. 3d 330, 337 & n.10 (5th Cir. 1999), *abrogated in part on other grounds by Castellano v. Fragozo*, 352 F. 3d 939 (5th Cir. 2003); *Champluvier v. Couch*, 309 F. App'x 902, 903 (5th Cir. 2009).
[16] *Imbler*, 424 U.S. at 431 n.33.

claim against the District Attorney for injunctive relief, *i.e.* release from the criminal charges or detention, would be premature until such time as his criminal charges are resolved.[17]

Judge Colbert enjoys absolute judicial immunity for acts performed within their jurisdictional authority.[18] The Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[19] Thus, injunctive relief not based on violation of a declaratory decree is unavailable against a judge in his or her role as a judicial officer, whether individually or in an official capacity.[20] In addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"[21] "Disagreeing with a judge's actions does not justify depriving that judge of his or

---

[17] *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (when a pending civil rights action implicates a pending criminal case, the court should stay the until the criminal case is ended and the bar under *Heck v. Humphrey*, 512 U.S. 477 (1994), can be properly considered); *Van Buren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) ("*Heck* prevents [petitioner] from raising any constitutional claim or seeking any injunctive relief that would result in invalidating, or implying the invalidity of, a conviction or sentence that has not otherwise been reversed, expunged, or called into question. *See Heck*, 512 U.S. at 486-87; *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998) (*en banc*)."
[18] *See Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).
[19] 42 U.S.C. § 1983.
[20] *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir.2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justs. of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); accord *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limited relief available from a judge to declaratory relief); *cf. LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (recognizing that even when judicial immunity does not bar claims for injunctive relief, relief can be granted because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties) (citing *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).
[21] *Mays*, 97 F.3d at 111; *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant.") (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991)).

her immunity."²² Instead, absolute judicial immunity is overcome in only two narrow circumstances, neither of which would apply here.²³

For these reasons, Normand's § 1983 complaint is frivolous.²⁴ As such, the interests of justice do not compel a basis for this frivolous action to continue or be transferred, even if Normand were to correct the deficiencies noted above.

In a final effort to attempt to provide Normand with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Normand is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Normand that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Normand is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

---

²² *Greenlee v. U.S. Dist. Ct.*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 363 (1978)).
²³ *Mireles*, 502 U.S. at 11-12. First, a judge is not immune from liability for non-judicial actions, i.e. actions outside of the judge's judicial role. No such action is alleged here. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd*, 31 F.3d at 285 (quoting *Mireles*, 502 U.S. at 12). Normand is clear that Judge Colbert was at all times acting under his authority as the judge presiding over his criminal docket.
²⁴ As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998). The court must dismiss an *in forma pauperis* or prisoner-filed § 1983 complaint if, upon review, it is frivolous and/or fails to state a claim. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80. A claim is frivolous if it "lacks an arguable basis in law or fact." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Normand is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[25]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Brandon Travis Normand's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) and for improper venue.

New Orleans, Louisiana, this  20th  day of July, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[25] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).